United States District Court
Southern District of Texas
**ENTERED**
February 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JOSUE DAVID SARAVIA SARAVIA,** § | | |
| Petitioner, § | | |
| § | | |
| V. § | CIVIL ACTION NO. 5:25-CV-00184 | |
| § | | |
| **HECTOR C. RAMIREZ, *et al.*,** § | | |
| Respondents. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Opposed Motion to Dismiss the Petition for Writ of Habeas Corpus as Moot, (Dkt. No. 18). For the reasons stated below, Respondents' motion to dismiss is **GRANTED** and Petitioner's petition is **DENIED WITHOUT PREJUDICE** as moot.

## I. BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection in 2005. (Dkt. No. 27 at 4). Petitioner was most recently detained by immigration officials on May 30, 2025, in Baltimore, Maryland. (Dkt. No. 18 at 1). He received a bond hearing in immigration court and was granted a $3,000 bond. (*Id.* at 2). The Department of Homeland Security (DHS) appealed the bond determination, which triggered an automatic stay of Petitioner's bond. (*Id.*). Petitioner remained in detention pending resolution of the appeal.

On October 17, 2025, Petitioner filed the instant petition for a writ of habeas corpus, challenging his detention in federal immigration custody. (Dkt. No. 1). He asserted that his detention violated his rights under the Fifth Amendment to procedural due process and substantive due process as well as the Immigration and Nationality Act. He asked the Court to, among other things, "[g]rant a writ of habeas corpus ordering Respondents to release Petitioner from custody on his own recognizance or under parole, bond, or reasonable conditions of supervision." (*Id.* at 27).

On November 8, 2025, Petitioner was released from immigration custody after the automatic stay of his bond determination expired and he posted the $3,000 bond. (*Id.* at

2; Dkt. No. 25 at 1). Immigration officials placed an electronic monitoring device on Petitioner as a condition of his release, but it was removed on November 20, 2025. (Dkt. No. 25 at 1). Respondents' bond appeal remains pending before the Board of Immigration Appeals (BIA), and the parties estimate that resolution of the appeal will take at least a year, if not several years. (Dkt. No. 36 at 3; Dkt. No. 37 at 2).

## II. LEGAL STANDARDS

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).

The Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). While moot claims are generally not justiciable, there is a narrow exception, so long as the claim is capable of repetition yet evading review. *Hancock v. County Bd. of Supervisors v. Ruhr*, 568 F. App'x 295, 299–300 (5th Cir. 2014). To satisfy the exception, a plaintiff must show that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). This exception only applies "in exceptional situations." *Empower Texas, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020) (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 169 (2016)).

## III. DISCUSSION

Respondents move to dismiss the instant petition as moot. (Dkt. No. 18). Petitioner responds that his petition should not be dismissed because his detention is capable of

repetition yet evading review. He asserts that he satisfies both requirements of the mootness exception: first, that his initial detention was too short to be fully litigated prior to the end of his detention, and second, that there is a reasonable expectation that Respondents will re-detain him. Respondents argue that neither element is met because Petitioner has not shown that there was insufficient time to litigate his claim and the possibility of future detention is too speculative to meet the legal standard.

The Court finds that Petitioner cannot satisfy the capable-of-repetition-yet-evading-review standard, and the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005). He is not in physical custody of Respondents, and there are no restrictive conditions on his liberty at this time. *See id.* (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty). So to overcome mootness and the motion to dismiss, Petitioner must meet the capable-of-repetition-yet-evading-review exception by showing that the challenged action was too short to be fully litigated and there is a reasonable expectation that the same unlawful action will occur again.

Petitioner's arguments fail to overcome mootness. First, Petitioner has not shown that his *detention* was too short to be fully litigated before it ended. Petitioner contends that only twenty-four days elapsed between the filing of his petition and the end of his detention, and so there was not enough time to fully litigate the issues. (Dkt. No. 25 at 3). While it's true that there were only twenty-four days between the filing of the instant petition and his release from custody, Petitioner was detained from May 30, 2025, to November 8, 2025, and he had been denied bond under the automatic stay since July 24, 2025. While it's unclear whether his detention could have possibly been fully litigated within the time that he was detained, Petitioner fails to show that his detention itself was too short to fully litigate the issue.

Second, Petitioner has not sufficiently demonstrated that he will be unlawfully re-detained. Petitioner argues that Respondents are "fervently seeking to overturn and vacate [his] bond" because Respondents moved to extend the automatic stay of his bond order and are pursuing an appeal of the bond determination. (Dkt. No. 25 at 3–4). Additionally, Petitioner asserts that he will be re-detained in violation of the law because

the BIA will apply *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). Respondents contend that Petitioner's re-detention is merely a theoretical possibility and that if he is re-detained, he will be free to file another habeas petition.

The second prong of the capable-of-repetition-yet-evading-review standard requires "either a 'demonstrated probability' or a 'reasonable expectation,' that [Petitioner] will 'be subjected to the same [unlawful governmental] action again.' A 'mere physical or theoretical possibility' is not sufficient to satisfy this prong of the exception.'" *Araujo Perez v. Blinken*, 569 F. Supp. 3d 539, 555 (S.D. Tex. 2021) (citation modified).

Here, Petitioner's future re-detention as a result of the same allegedly unlawful action does not rise to the level of a reasonable expectation. While Respondents have appealed the bond determination, both parties agree that resolution of the appeal will take at least a year. Additionally, there has been an intervening change in the law of the Fifth Circuit that undermines Petitioner's contention that his re-detention without a bond hearing would be unlawful. *See Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330, at *4–9 (5th Cir. Feb. 6, 2026). Further, as Respondents argue, Petitioner would be free to file another petition challenging his re-detention in the event that he is re-detained.

Because Petitioner cannot show an exceptional situation that meets both of the required prongs, the Court declines to apply the capable-of-repetition-yet-evading-review exception and finds that the case must be dismissed as moot.

## IV. CONCLUSION

For the foregoing reasons, Respondents' Opposed Motion to Dismiss the Petition for Writ of Habeas Corpus as Moot, (Dkt. No. 18), is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), is **DENIED WITHOUT PREJUDICE**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on February 19, 2026.

_____
John A. Kazen
United States District Judge